# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| ERIC T. HOWARD,<br>　　　　　Appellant, | DOCKET NUMBER<br>CH-0752-18-0486-I-1 |
| 　　　v. | |
| UNITED STATES POSTAL SERVICE,<br>　　　　　Agency. | DATE: April 11, 2024 |

# THIS ORDER IS NONPRECEDENTIAL[1]

Eric T. Howard, Douglasville, Georgia, pro se.

Jennifer C. Pace, Esquire, Denver, Colorado, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

## REMAND ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his involuntary resignation appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the finding of the initial decision that the Board lacks jurisdiction over this appeal, and REMAND the case to the Central Regional Office for further adjudication in accordance with this Remand Order.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

The appellant submitted a Form 2574, Resignation/Transfer from the Postal Service,[2] indicating his intent to resign, effective June 1, 2018, from his position as a Mail Handler at the Kansas City National Distribution Center.[3] Initial Appeal File (IAF), Tab 10 at 12-13. He asserts that, on May 30, 2018, he submitted a written request to withdraw his resignation, per the instructions on the Form 2574. IAF, Tab 1 at 9. The appellant's PS Form 50 shows that the agency listed his last day in pay status as June 6, 2018 and processed his resignation on June 26, 2018. IAF, Tab 10 at 12.

The appellant filed an appeal with the Board alleging that the agency failed to reinstate him after he had withdrawn his resignation. IAF, Tab 1. He requested a hearing. IAF, Tab 8. The administrative judge informed the appellant that there was a question regarding whether his appeal was within the Board's jurisdiction, apprised him of his burden of proving jurisdiction over an involuntary resignation appeal, and ordered him to file evidence and argument showing that his appeal should not be dismissed for lack of jurisdiction. IAF, Tab 4 at 2-3. The administrative judge further informed the appellant that his appeal appeared to have been filed 11 days late and ordered him to file evidence

---

[2] As the administrative judge noted, the actual date the form was submitted is a matter of dispute. Initial Appeal File (IAF), Tab 12, Initial Decision at 2 n.2. The agency provided a Form 2574 that bears a date of June 1, 2018. IAF, Tab 10 at 13. The appellant asserts, however, that he had submitted his voluntary resignation as early as May 16, 2018, as evidenced by the absence of a date on his copy of the form. IAF, Tab 1 at 9, Tab 11 at 5-6. The discrepancy in the dates is relevant only insofar as it may relate to the timing of the resignation rescission request that the appellant purportedly submitted.

[3] In order to have appeal rights before the Board, a Postal Service employee: (1) must be an excepted-service, preference-eligible employee, a management or supervisory employee, or an employee engaged in personnel work in other than a purely nonconfidential clerical capacity; and (2) must have completed 1 year of current continuous service in the same or similar positions. 5 U.S.C. § 7511(a)(1)(B)(ii); 39 U.S.C. § 1005(a)(4)(A)(ii); *see Trabue v. U.S. Postal Service*, 102 M.S.P.R. 14, ¶ 5 (2006). The record reflects that the appellant has veterans' preference and has worked for the agency in the same position since October 2012. IAF, Tab 10 at 12.

and argument showing that his appeal was timely filed or that good cause existed for the delay. IAF, Tab 5 at 2-3.

The appellant responded to the administrative judge's orders, describing the circumstances of his rescission of his resignation. IAF, Tabs 6-7. He suggested that the agency's failure to acknowledge receipt of his rescission request was merely another incident in a pattern of inaction by the agency, as evidenced by what he perceives to be the mishandling of his transfer requests, and noted that he was not "officially notified" of his separation from Federal service until July 2, 2018. IAF, Tab 6 at 4, Tab 7 at 4-7, Tab 11 at 4-5. The agency moved to dismiss the appeal for lack of jurisdiction. IAF, Tab 10.

Without holding the appellant's requested hearing, the administrative judge dismissed the appeal for lack of jurisdiction, finding that the appellant did not make a nonfrivolous allegation that his resignation should not have been effected because he withdrew it prior to its effective date. IAF, Tab 12, Initial Decision (ID). The appellant has filed a petition for review of the initial decision. Petition for Review (PFR) File, Tab 1.

## DISCUSSION OF ARGUMENTS ON REVIEW

An employee-initiated action, such as a retirement or resignation, is presumed to be voluntary, and thus outside the Board's jurisdiction. *Hosozawa v. Department of Veterans Affairs*, 113 M.S.P.R. 110, ¶ 5 (2010). An involuntary resignation, however, is equivalent to a forced removal and therefore is within the Board's jurisdiction. *Id.* The appellant has the burden to prove the Board's jurisdiction by preponderant evidence.[4] *Id.*; *see* 5 C.F.R. § 1201.56(b)(2)(i)(A).

An employee has a right to withdraw a resignation at any time before it is effective unless the agency has a valid reason for refusing to permit the withdrawal. *Levy v. Department of Homeland Security*, 109 M.S.P.R. 444, ¶ 18

---

[4] Preponderant evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, would need to find that a contested fact is more likely true than not. 5 C.F.R. § 1201.4(q).

(2008); *see* 5 C.F.R. § 715.202(b). An employee's resignation may be deemed involuntary, and therefore within the Board's jurisdiction, if the agency improperly denied his request to withdraw his resignation before its effective date. *Levy*, 109 M.S.P.R. 444, ¶ 18. When an employee attempts to withdraw a resignation notice before its effective date and the agency refuses to accept the withdrawal, the burden shifts to the agency to establish, by preponderant evidence, that it had a valid reason for its refusal. *Thomas v. Department of Housing & Urban Development*, 63 M.S.P.R. 649, 656-57 (1994).

On review, the appellant argues that he is entitled to a hearing because he attempted to withdraw his resignation via fax prior to its effective date but the agency effected his separation from Federal service regardless. PFR File, Tab 1 at 3-4; *see* IAF, Tab 1 at 3, 9-10, Tab 11 at 5. He argues that the administrative judge incorrectly determined that the evidence he provided, namely his June 2018 earnings statement showing that he requested leave without pay, does not support the presumption that the agency accepted the withdrawal of his resignation. PFR File, Tab 1 at 4; ID at 5.

The appellant is entitled to a hearing on the issue of Board jurisdiction over an appeal of an alleged involuntary resignation only if he makes a nonfrivolous allegation casting doubt on the presumption of voluntariness. *See Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643 (Fed. Cir. 1985). A nonfrivolous allegation of Board jurisdiction is an allegation of fact which, if proven, could establish a prima facie case that the Board has jurisdiction over the matter in issue. *Ferdon v. U.S. Postal Service*, 60 M.S.P.R. 325, 329 (1994); *see* 5 C.F.R. § 1201.4(s). In determining whether the appellant has made a nonfrivolous allegation of jurisdiction entitling him to a hearing, the administrative judge may consider the agency's documentary submissions; however, to the extent that the agency's evidence constitutes mere factual contradiction of the appellant's otherwise adequate prima facie showing of jurisdiction, the administrative judge may not weigh evidence and resolve

5

conflicting assertions of the parties and the agency's evidence may not be dispositive. *Ferdon*, 60 M.S.P.R. at 329.

The administrative judge found that the appellant's allegation was insufficient to meet the nonfrivolous standard because he did not provide any details regarding his withdrawal letter, such as a receipt confirmation or a description of the document itself. ID at 5. As an e-filer, the appellant provided the Board with his declaration "under penalty of perjury" that the facts stated in his pleadings were true and correct.[5] IAF, Tabs 6, 7, 11. A statement made under penalty of perjury that is not rebutted is competent evidence of the matter asserted. *Aldridge v. Department of Agriculture*, 110 M.S.P.R. 21, ¶ 9 (2008); *see Woodall v. Federal Energy Regulatory Commission*, 30 M.S.P.R. 271, 273 (1986) (stating a declaration subscribed as true under penalty of perjury, if uncontested, proves the facts that it asserts). The agency has submitted an unsworn statement from its agency representative that there is no indication that the appellant withdrew his resignation. IAF, Tab 10 at 4-5. However, the assertion of an agency representative in a pleading generally does not constitute evidence. *Vaughan v. Department of Agriculture*, 116 M.S.P.R. 319, ¶ 16 n.5 (2011). A review of the record shows that the agency has not submitted any evidence that rebuts the appellant's narrative of events, such as a sworn affidavit from a designated representative of its Human Resources Shared Service Center affirming that it received no written request to withdraw the appellant's resignation prior to the effective date by any means delineated in the Form 2574 instructions. IAF, Tab 10 at 13.

---

[5] The appellant asserted below that he did not even know that he was separated from the agency until he showed up at work on June 25, 2018, after a period of leave without pay (LWOP), and found his timecard missing. IAF, Tab 6 at 4, Tab 7 at 7. He believes that the agency had received his resignation rescission request, even if it was not acknowledged, given his LWOP status for the month of June 2018 on his earnings statement and his "drafted" status to work on July 4, 2018 on a job assignment sheet. IAF, Tab 11 at 5, 8-10.

6

Because the totality of the circumstances asserted by the appellant establishes a nonfrivolous allegation of fact that, if proven, could establish that his resignation was involuntary, the appellant is entitled to a jurisdictional hearing. *See Levy*, 109 M.S.P.R. 444, ¶¶ 18-20 (remanding the appeal for a jurisdictional hearing when the appellant nonfrivolously alleged that his resignation was involuntary). On remand, the administrative judge should decide whether the appellant communicated to the agency his desire to withdraw his resignation prior to its effective date, and if so, whether the agency had an acceptable reason for refusing to permit the withdrawal.

As the administrative judge noted, there is a question as to the timeliness of the appeal. ID at 2 n.1. When issues of jurisdiction and timeliness are inextricably intertwined, that is, if resolution of the timeliness issue depends on whether the appellant was subjected to an appealable action, a finding on jurisdiction must be made before an appeal may be dismissed as untimely. *See Harper v. U.S. Postal Service*, 87 M.S.P.R. 632, ¶ 11 (2001). To the extent the jurisdictional and timeliness issues are inextricably intertwined, as is normally the case in an appeal of a constructive adverse action, the administrative judge shall adjudicate the jurisdictional issue before proceeding to the timeliness issue. *See Brown v. U.S. Postal Service,* 115 M.S.P.R. 609, ¶ 5, *aff'd*, 469 F. App'x 852 (Fed. Cir. 2011).

**ORDER**

For the reasons discussed above, we REMAND this case to the Central Regional Office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:         _Gina K. Grippando_

                                   _____

                                   Gina K. Grippando
                                   Clerk of the Board

Washington, D.C.